UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AIDAN KEEBLE,<br>    Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO, Commissioner<br>of the Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 2:25-CV-61-JEM<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Aidan Keeble on February 6, 2025, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 14] filed on July 18, 2025. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On September 9, 2025, the Commissioner filed a response, and Plaintiff filed a reply on October 9, 2025. For the following reasons, the Court remands the Commissioner's decision.

**I.    Background**

On June 17, 2023, Plaintiff filed an application for supplemental security income ("SSI") alleging that he became disabled on April 1, 2020. His application was denied initially and upon reconsideration. On August 28, 2024, Administrative Law Judge ("ALJ") Ramona Scales held a telephone hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On September 25, 2024, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled from the date the application was filed to the date of the decision.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant has not engaged in substantial gainful activity since June 17, 2023, the application date.

1

2. The claimant has the following severe impairments: substance abuse disorders including alcohol use disorder, stimulant use disorder, cocaine and opioid use disorder and cannabis use disorder; bipolar disorder; ADHD; generalized anxiety disorder and obsessive-compulsive disorder.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, carry out and remember simple, repetitive tasks and instructions; he can maintain adequate attention and concentration for said tasks and instructions; is able to make judgements commensurate with functions of simple, repetitive tasks; occasional supervision and interactions with co-workers; no work related interaction with the general public; no fast paced production or quotas, meaning no tandem work assignments, machine regulated work or hourly production quota; and can occasionally manage the changes in a simple, repetitive work setting.

5. The claimant is unable to perform any past relevant work.

6. The claimant was born in 1996 and was 27 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education.

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 17, 2023, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 11]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.     Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

**III.    Analysis**

Plaintiff argues that the ALJ committed reversible error by not explaining an alteration she made to the agency experts' opinions; by not properly accounting for Plaintiff's moderate limitation in concentration, persistence, or pace; and by not making a legally sufficient assessment of Plaintiff's symptoms. The Court agrees with Plaintiff as to the first argument and remands this matter to the agency on that basis.

When a residual functional capacity assessment conflicts with a medical source opinion, the Social Security Administration requires its adjudicators to explain the decision not to adopt the opinion. *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996). Here, the ALJ found the opinions of the state agency physicians to be "generally persuasive." AR 20. However, the ALJ then noted:

> The undersigned does acknowledge that the term brief supervision and interactions with coworkers and work situations [as found in the physicians' opinions] is not a vocationally relevant term. The undersigned does not use it. Instead, the undersigned limits the claimant to occasional supervision and interactions with co-workers and no work-related interaction with the general public.

*Id.* The ALJ proceeded to explain how "simple, repetitive work" accounted for Plaintiff's impairments, but did not provide an analogous explanation for "occasional supervision and interactions." *Id.* The ALJ also directed the reader generally toward a discussion of the evidence found after Finding #2 to support her decision regarding Plaintiff's nonsevere physical impairments. *Id.* The referenced discussion does not address Plaintiff's ability to be supervised or interact with others. AR 13-14.

The Commissioner supports his ALJ's decision by pointing out that the ALJ noted "limited evidence of reported anger or issues with panic/anxiety" and that, at the hearing, Plaintiff denied "any real problems" with coworker or supervisor interactions. AR 15. Even so, this evidence is outside of what the ALJ used to support her decision. The ALJ's decision stands or falls on the reasoning provided by the ALJ and not on other arguments provided by the Commissioner. *Jelinek v. Astrue*, 662 F.3d 805, 812 (7th Cir. 2011).

The problem with the ALJ's decision, at its core, is that Court is unable to trace the reasoning behind it. It is unclear whether the ALJ believed "brief" and "occasional" to be synonymous or, instead, was intentionally deviating from the state agency physicians on this point.

To the extent the ALJ thought she was merely rewording, but not altering, the opinions of the state agency physicians, she has not provided her "rationale as to why those terms are interchangeable." *Hulett v. Acting Comm'r of Soc. Sec.*, No. 3:21-CV-971 JD, 2022 WL 18399609, at *4 (N.D. Ind. Dec. 19, 2022). The Commissioner asserts that the two words can be synonyms, but the Social Security Administration defines "occasionally" as "occurring from very little up to one-third of the time." Social Security Ruling (SSR) 83-10, 1983 WL 31251 at 5. It is too large a

logical leap, without more explanation from the ALJ, to deem a single, daily interaction lasting two hours "brief," though by definition such an interaction is "occasional." *See id.* Under these circumstances, the Court cannot provide meaningful review to the ALJ's decision.

To the extent the ALJ was instead making a different finding than the one opined to by the physicians, she provided no explanation or support in making that finding, other than the strange assertion that "brief" is not "a vocationally relevant term." *See Hulett*, No. 3:21-CV-971 JD, 2022 WL 18399609, at *3 n.1. ("The word *brief*, while undefined by agency regulations, . . . is likely vocationally relevant given it was used by two state agency psychological consultants in assessing [the claimant's] limitations."). To disregard a term used by the Social Security Administration's own physicians to describe a claimant's ability to work as "not vocationally relevant" requires, at bare minimum, more explanation than the ALJ provided here. Under either interpretation of the ALJ's substitution of "occasional" for "brief," there is no logical bridge from the evidence to the conclusion.

The Commissioner argues that any mistake regarding this finding is harmless. However, for an error to be considered harmless, the Court must be able to predict with great confidence that the result on remand would be the same. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). After a claimant has established that they are not currently employed, have a severe impairment, and cannot perform their past relevant work, the Commissioner bears the burden to prove that the claimant is capable of performing work that exists in significant numbers in the national economy. *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The ALJ did not pose questions to the vocational expert regarding Plaintiff's ability to work if he is limited to only brief interactions, so the Court is unable to "predict with great confidence what the result of remand will be," and cannot find that the mistake is harmless. *Wilder v. Kijakazi*,

5

22 F.4th 644, 654 (7th Cir. 2022). The decision is therefore inadequate, and remand is required for a legally sufficient explanation of Plaintiff's ability to be supervised and interact with others.

IV.    **Conclusion**

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 14] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 10th day of November, 2025.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record